UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

BRENDA RAE BARTHEL,

    Plaintiff,

v.

LAKE OF THE WOODS COUNTY,

    Defendant.

_____

Civil No. 09-2783 (PJS/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff's two-page complaint provides only a sketchy explanation of the legal and factual grounds on which her lawsuit is based. The legal basis for this action is described in a single anomalous phrase that reads as follows: "Violations of my civil rights US Code 550 Fraud US Code 370 and US Code 370."[1] (Complaint, [Docket No.

---
[1] The "Codes" cited in the complaint do not appear to be federal statutes, but merely references to the "Nature of Suit" numbers that are used in the standard Civil

1

1], p. 1, ¶ 3.)  Although the complaint itself provides very little information about the factual background of this action, Plaintiff has submitted several documents with the complaint, which shed a little more light on the facts.

It appears that one night in February 2009, Plaintiff, her husband, and another woman were driving home from a bar in Lake of the Woods County, Minnesota.  Their truck went off the road, and a sheriff's deputy came to the scene to render assistance.  The deputy suspected Plaintiff's husband of drunk driving.  After taking the other woman home, the deputy took Plaintiff and her husband into custody, and charged Plaintiff's husband with various criminal offenses.

Plaintiff claims that she suffered personal injuries that night, which allegedly were inflicted by the woman who was in the truck with Plaintiff and her husband.  The injuries included cuts, bites, and pulled hair.  Plaintiff contends that the deputy who apprehended her husband should have made sure that she received medical care for her injuries, but he failed to do so.

Plaintiff is now attempting to sue Lake of the Woods County.  She is seeking a judgment against the County in the amount of $55,000.00 to compensate her for the injuries inflicted by the woman who was in the truck with her.

---

Cover Sheet that the Clerk of Court requires for every civil action.  (See Complaint, Attachment No. 15.)  Those numbers simply facilitate the Clerk's record-keeping duties.  The number "370" corresponds to a category of cases identified as "Other Fraud," and the number "550" corresponds to a category identified as "Prisoner Petitions - Civil Rights."

**II. DISCUSSION**

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Here, the Court finds that, even with the benefit of liberal construction, Plaintiff's current complaint fails to state an actionable claim against the named Defendant.

To state an actionable claim for relief, a complaint must describe a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

In this case, Plaintiff has not alleged any facts that could support an actionable claim for relief against Defendant Lake of the Woods County. The complaint, and the documents submitted with it, include a few references to Lake of the Woods County, but for the most part, those references merely identify a geographical area, not a municipal entity. Nothing in any of Plaintiff's submissions describes <u>any</u> specific acts or omissions of any kind by the County itself. Therefore, Plaintiff obviously has not described any acts or omissions by the County that could cause the County to be liable to Plaintiff, under any legal theory.

It is conceivable, perhaps, that Plaintiff wants the County to be held vicariously

liable, under the doctrine of respondeat superior, for some wrongful act or omission by one of its employees – presumably the deputy who apprehended Plaintiff's husband. However, Plaintiff has not actually alleged that the County is being sued based on respondeat superior.

Furthermore, it is clear that Plaintiff could not bring a respondeat superior claim against the County in federal court. As previously noted, the only indication of the intended legal basis for Plaintiff's current lawsuit is the unexplained reference to "violations of my civil rights" and "fraud." However, Plaintiff cannot bring a civil rights action against the County based on respondeat superior, because that doctrine is inapplicable in federal civil rights cases. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). On the other hand, if Plaintiff is attempting to sue the County for "fraud," she cannot do so in federal court, because fraud is a state common law tort theory, which, (in the absence of diversity of citizenship[2]), does not provide federal subject matter jurisdiction. Therefore, Plaintiff's submissions do not present any possible respondeat superior claim that could be entertained in federal court.[3]

---

[2] Plaintiff's submissions show that both parties are Minnesota residents, so diversity of citizenship is not present in this case. Furthermore, the amount in controversy, ($55,000.00), does not satisfy the $75,000.00 jurisdictional threshold prescribed by 28 U.S.C. § 1332.

[3] The Court further notes that, in any event, Plaintiff has not shown that the deputy violated any specific provision of the federal Constitution, or committed any specific "fraud." (See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").) For this additional reason, respondeat superior cannot aid Plaintiff here.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October 20, 2009

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 4, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.